Filed 6/22/22  P. v. Gonzalez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN PETE GONZALEZ,<br><br>    Defendant and Appellant. | F081205<br><br>(Super. Ct. No. BF160385A)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Levy, Acting P. J., Detjen, J. and Peña, J.

In 2018, Steven Pete Gonzalez (defendant) received a prison sentence that included an enhancement imposed under Penal Code section 667.5. (Undesignated statutory references are to the Penal Code.) Effective January 1, 2022, by enactment of section 1171.1, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1171.1, subd. (a).) Section 1171.1 also provides for the resentencing of defendants affected by this change in the law.

Defendant claims he is entitled to relief under section 1171.1. The People agree. We accept the People's concession and remand the cause for resentencing.

## PROCEDURAL BACKGROUND

In December 2015, a jury found defendant guilty of false imprisonment (§§ 236, 237, subd. (a); count 1); making criminal threats (§ 422; count 3); misdemeanor battery upon a spouse or cohabitant (§ 243, subd. (e)(1); count 5) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 6). In a bifurcated proceeding, he was found to have suffered two prior serious felony convictions (§ 667, subd. (a)) constituting strikes for purposes of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12). Defendant was also found to have served four prior prison terms within the meaning of former section 667.5, subdivision (b).

In January 2016, defendant was sentenced as a third strike offender to 25 years to life on count 3, plus 10 years for the prior serious felony convictions and two years for the prior prison terms.[1] Concurrent sentences were imposed on counts 1, 5, and 6. Defendant filed an appeal.

---

[1] The record does not explain why the trial court imposed only two of the enhancements despite having found all four prior prison term allegations to be true.

In April 2018, this court affirmed the convictions but ordered the punishment for count 1 to be stayed pursuant to section 654. As part of the disposition, the matter was "remanded for the trial court to prepare an amended abstract of judgment reflecting the change …." Defendant subsequently petitioned the superior court for a writ of habeas corpus regarding a prior conviction upon which some of the recidivism findings were based. The record contains little information about the habeas corpus petition, but it was evidently successful.

The further proceedings below concluded with a resentencing hearing held on November 15, 2018. Based on the habeas corpus relief granted months earlier, one of the prior strike findings was stricken; one of the prior serious felony conviction enhancements was stricken; and three of the prior prison term enhancements were stricken. With count 3 again used as the base term, defendant was resentenced to six years (the upper term of three years doubled because of a prior strike), plus five years for the prior serious felony conviction enhancement and one year for a prior prison term served in relation to a domestic violence conviction (see § 273.5). As to count 1, a six-year term (the upper term doubled because of the prior strike) was imposed and stayed pursuant to section 654.

In February 2020, defendant petitioned this court for a writ of habeas corpus based on his trial counsel's failure to file a notice of appeal following the November 2018 resentencing hearing. In May 2020, the petition was granted. Defendant was thus allowed to file a notice of appeal that was deemed timely in relation to the November 2018 judgment.

In his opening brief, defendant argued he was entitled to relief vis-à-vis the prior prison term enhancement by virtue of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136). The People disputed the claim, arguing the judgment was already final prior to the enactment of Senate Bill 136. In October 2021, defendant was granted permission to file supplemental briefing with regard to Senate Bill No. 483 (2021–2022

3.

Reg. Sess.) (Senate Bill 483). The People have since conceded defendant is entitled to relief under Senate Bill 483.

## DISCUSSION

Senate Bill 136 was approved by the Governor on October 8, 2019. (Stats. 2019, ch. 590, § 1.) As a result, effective January 1, 2020, the one-year enhancement provided for in section 667.5, subdivision (b) is inapplicable to all prior prison terms except those served for a sexually violent offense within the meaning of Welfare and Institutions Code section 6600, subdivision (b). Senate Bill 136 has been held to apply retroactively to judgments that were not final when the legislation took effect. (E.g., *People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

Newly enacted Senate Bill 483, which took effect January 1, 2022, reflects "the intent of the Legislature to retroactively apply … Senate Bill 136 of the 2019–2020 Regular Session to *all persons* currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats 2021, ch. 728, § 1, italics added.) Senate Bill 483 thus added section 1171.1 to the Penal Code. The statute provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (*Id.*, subd. (a).)

Section 1171.1 also provides for the recall of sentence and resentencing of persons currently serving a prison term under a judgment that includes a qualifying prior prison term enhancement imposed before January 1, 2020. (*Id.*, subds. (b)–(e).) As noted, defendant's prior prison term was imposed prior to January 2020 and is based upon a conviction of a nonsexually violent offense. We therefore conclude he is entitled to relief under section 1171.1.

## DISPOSITION

Defendant's sentence is ordered vacated and the matter is remanded for the trial court to strike the prior prison term enhancement and resentence defendant in accordance with section 1171.1.  The trial court shall thereafter prepare a new abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.